UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LILIANE NOGUEIRA**, an individual,

        Plaintiff,

v.

**CATHOLIC FAMILY SERVICES,**
**d/b/a CATHOLIC CHARITIES DIOCESE**
**OF KALAMAZOO,** a Michigan Domestic Nonprofit
Corporation, **LEANN BASTIEN**, an individual, and
**CHRISTINA HAYES**, an individual, jointly and
severally,

        Defendants.

Hon.

Case No.

---

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

---

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. § 408.411 *et seq.* and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. § 408.931 *et seq.*

2. During the period of the parties' employment relationship, Defendants failed to pay Plaintiff the minimum wage for all hours worked.

3. During the period of the parties' employment relationship, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate for hours worked in excess of forty (40) hours during a workweek.

4. Plaintiff seeks a declaration that her rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

**JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1391.

7. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

8. Employees of Defendant Catholic Family Services which does business as Catholic Charities Diocese of Kalamazoo ("CFS") were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

9. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

10. Defendant CFS's annual gross volume of sales made or business done is not less than $500,000.

11. Defendant CFS employs more than two persons.

12. At all times relevant to this Complaint, Defendant Leann Bastien ("Bastien") employs or employed more than two persons.

13. At all times relevant to this Complaint, Defendant Christina Hayes ("Hayes") employed more than two persons.

14. Defendant CFS is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Kalamazoo, Michigan, within the United States Judicial District of the Western District of Michigan.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

### PARTIES

16. Plaintiff Liliane Nogueira is an individual who at all times relevant to this complaint resided in the County of Kalamazoo, state of Michigan.

17. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

18. Defendant Catholic Family Services which does business as Catholic Charities Diocese of Kalamazoo ("CFS"), is a Michigan domestic nonprofit corporation whose registered office is located at 1819 Gull Rd. Kalamazoo, MI 49048. *Exhibit B*.

19. Defendant CFS is a corporation that provides social services to people of Southwest Michigan.

20. Defendant Leann Bastien ("Bastien") is an individual who was Plaintiff's direct supervisor.

21. Defendant Christina Hayes ("Hayes") is an individual who was Plaintiff's direct supervisor.

22. Defendant's Bastien and Hayes, at all relevant times to this complaint, set Plaintiff's schedule, directed Plaintiff's activities at work, and were responsible for approving Plaintiff's hours worked.

23. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

24. Defendants employed Plaintiff within the meaning of M.C.L. § 408.412(b).

25. Defendants employed Plaintiff within the meaning of M.C.L. § 408.932(b).

## GENERAL ALLEGATIONS

26. Plaintiff worked for Defendants from approximately November 2018 to approximately March 17, 2020.

27. From approximately February 26, 2020 to March 17, 2020, Plaintiff was on medical leave.

28. Upon return from her leave, Plaintiff's employment was terminated.

29. Plaintiff was hired by Defendant Hayes.

30. Defendant Hayes set Plaintiff's rate of compensation.

31. Plaintiff was to be compensated at a rate of $16.00 per hour for 80 hours per pay period, which is $1,280.00 biweekly.

32. From November 2018 to approximately November 2019, Defendant Hayes was Plaintiff's direct supervisor.

33. From November 2018 to approximately November 2019, Defendant Hayes directed Plaintiff's work for Defendants.

34. From approximately November 2019 to the termination of her employment, Defendant Bastien was Plaintiff's direct supervisor.

35. From approximately November 2019 to the termination of her employment, Defendant Bastien directed Plaintiff's work for Defendants.

36. Plaintiff worked as a Case Manager for Defendants for the duration of her employment.

37. Plaintiff's duties included but were not limited to helping youths apply for programs, finding housing for youths, providing assistance to youths, meeting with clients, responding to and sending emails, and receiving and making phone calls.

38. Plaintiff was scheduled to work Monday through Friday from 9:00am to 5:00pm for the duration of her employment.

39. Plaintiff typically worked through her lunch hour, and after business hours including but not limited to responding to and sending emails, receiving and making phone calls, and meeting with clients.

40. Plaintiff typically worked on holidays, and other paid days off, including but not limited to responding to and sending emails, receiving and making phone calls, and meetings with clients.

41. While on leave, Plaintiff was required to complete work for Defendants, including but not limited to responding to and sending emails, receiving and making phone calls, and meetings with clients.

42. On average, Plaintiff typically worked ten (10) hours per workweek for which she was not compensated, including work completed outside of business hours, during lunches, on holidays, and during her medical leave.

43. Plaintiff was not compensated for hours worked over forty (40) in a workweek.

44. Plaintiff was only compensated for forty (40) hours or less per workweek.

45. Plaintiff was not compensated for hours worked "off the clock" as mentioned in paragraphs 39 through 42.

46. From the beginning of her employment to approximately November 2019, Plaintiff was scheduled to be on call every six (6) weeks.

47. From approximately the beginning of her employment to approximately November 2019, Plaintiff was on call every six (6) weeks.

48. From approximately November 2019 to her termination, Plaintiff was scheduled to be on call once a month.

49. From approximately November 2019 to her termination, Plaintiff was on call once a month.

50. When Plaintiff was on call, it typically started at 5:00pm on Thursday and ended at 9:00am on Wednesday.

51. When Plaintiff was on call she was required to always have her phone charged and on.

52. When Plaintiff was on call she was required to answer phone calls or messages, no matter the time, within fifteen (15) minutes of receiving such.

53. When Plaintiff was on call she was required to be geographically located no farther than one (1) hour away from Defendant CFS.

54. When Plaintiff was on call, she was compensated a Per Diem Pay of $8.00/hr occasionally for a few hours, not reflecting the actual hours Plaintiff was called into work.

55. When Plaintiff was on call and was required to go to work, or some other location, she was not compensated for such time.

56. One instance when Plaintiff was on call, she was called into the housing and was there for a total of eight (8) hours.

57. Plaintiff was not compensated for the eight (8) hours she worked at housing while on call.

58. Plaintiff was not compensated for time worked on weekends.

59. When Plaintiff was on call, she worked an average of five (5) or six (6) hours for which she was not compensated, in addition to the average of ten (10) hours mentioned in paragraph 42.

60. In total, during weeks in which Plaintiff was on call, she worked an average of fifteen (15) or sixteen (16) hours for which she was not compensated.

61. Plaintiff was not compensated for all hours worked per workweek.

62. Plaintiff was not compensated at a rate no less than time and one half her regular hourly rate for hours worked over forty (40) in a workweek.

63. During her employment, Plaintiff worked for all Defendants.

64. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

65. Defendants did not compensate Plaintiff for all hours worked as required by the MWOWA.

66. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

67. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

68. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the MWOWA.

69. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## **WILLFUL VIOLATIONS OF THE FLSA**

70. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

71. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

72. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

73. Defendant Hayes utilized Defendant CFS to subvert her obligations under state and federal law.

74. Defendant Bastien utilized Defendant CFS to subvert her obligations under state and federal law.

75. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 *et se*q., FAILURE TO PAY STATUTORY MINIMUM WAGE

76. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

77. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

78. At all relevant times to this action, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

79. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

80. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

81. Defendants failed to pay Plaintiff for all hours worked.

82. As a result of the violation, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 *et seq.*, FAILURE TO PAY OVERTIME

83. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

84. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

85. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

86. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

87. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. § 206.

88. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

89. Plaintiff was not paid at the rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

90. Defendants' violations of the FLSA were knowing and willful.

91. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

92. As a result of Defendants' violation, Plaintiff is entitled to her unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### COUNT III
### VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 *et seq.*, AND IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*, FAILURE TO PAY MINIMUM WAGE

93. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

94. The Michigan's Workforce Opportunity Wage Act ("MWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.413.

95. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

96. At all relevant times, Defendants have been "employer[s]" within the meaning of the MWOWA, M.C.L. § 408.412(d).

97. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

98. At all relevant times, Plaintiff was an "employee" within the meaning of the MWOWA, M.C.L. § 408.412(c).

99. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

100. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the MWOWA, M.C.L. § 408.412(b).

101. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

102. The MWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.414.

103. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.934

104. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the MWOWA, M.C.L. § 408.411, *et seq*.

105. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

106. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT IV**
**VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 *et seq*., AND IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq*.,**
**FAILURE TO PAY OVERTIME**

107. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

108. The Michigan's Workforce Opportunity Wage Act ("MWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.413.

109. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

110. At all relevant times, Defendants have been "employer[s]" within the meaning of the MWOWA, M.C.L. § 408.412(d).

111. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

112. At all relevant times, Plaintiff was an "employee" within the meaning of the MWOWA, M.C.L. § 408.412(c).

113. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

114. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the MWOWA, M.C.L. § 408.412(b).

115. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

116. The MWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.414, M.C.L. § 408.414a(1),

117. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

118. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the MWOWA, M.C.L. § 408.411, *et seq*.

119. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

120. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the MWOWA and IWOWA;

C. Defendants be ordered to pay Plaintiff her unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the MWOWA and IWOWA;

F. The Court grants such other and further relief as the Court may deem just or equitable.

Dated: November 9, 2021               Respectfully Submitted,

*/s/ Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 9, 2021                              Respectfully Submitted,

*/s/ Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## VERIFICATION

I declare under the penalty of perjury under the laws of the United States of America that the statements outlined above in my Original Complaint are true and correct.

Date: 11/8/2021

Liliane Nogueira